IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MICHAEL K. POWERS, ET AL. | § | |
| | § | |
| v. | § | C.A. NO. V-11-051 |
| | § | |
| DIANA K. CLAY, ET AL. | § | |

**OPINION AND ORDER DENYING CLASS CERTIFICATION**

This civil rights action was filed by seven state prisoners pursuant to 42 U.S.C. § 1983. Plaintiffs Michael K. Powers, Richard Stricklin II, Gary J. Hunter, Phillip Critchley, Joseph Porter, Ronald J. Keough, and John Jason Everett are inmates in custody at the Stevenson Unit in Cuero, Texas. (D.E. 1, at 1-2). They filed this action against Defendants, who are correctional officials working at the Stevenson Unit, for violating their Eighth Amendment rights and unlawfully retaliating against them for the misconduct of other inmates. Id. at 10, 14. Plaintiffs submitted a memorandum in support of class certification, which the Court has construed as a motion for class certification. (D.E. 2). For the reasons stated herein, Plaintiffs' motion for class certification is denied.

**I. JURISDICTION**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of all Plaintiffs, (D.E. 23, 24), the action was re-assigned to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 25); see also 28 U.S.C. § 636(c).

**II. FACTUAL BACKGROUND**

On April 6, 2010, at 9:00 a.m., correctional officers entered the J3 building at the Stevenson Unit and ordered the prisoners to exit out of the building. (D.E. 1, at 4). They were

told to take nothing with them except "shirt, pants, shoes and i.d.'s." Id. Plaintiffs recounted that it was apparent to "veteran offenders" that a drug search was being conducted on G, H, and I dorms using drug-sniffing dogs. Id. In the D-space, officers were searching the exiting inmates and confiscating any materials except the allowed clothing. Id. at 4-5. Around 150 to 200 prisoners were then forced to sit outside on a concrete slab for hours with inadequate medications, water, toilet, or protection from the sun. Id. at 5-10. During the inspection, Officer Kenneth Wilson was deployed with a gas gun to intimidate prisoners into compliance. Id. at 8.

After the inmates were returned to their cells, many requested to go to the infirmary for their sunburns. Id. at 9. The guards took their names down, but they were not taken to the infirmary until the following morning. Id. In addition, the inmates of J3 were confined to their cells and placed on lock-down because some of the inmates had "cat-called" at the officers when they were all outside. These inmates did not get to take showers or have recreation. Id. at 10. When grievances were filed about the retaliation, Warden Bright allegedly lied and said that the entire region was on lock-down that day due to an escape at the Briscoe Unit. Id.

The following morning, several nursing stations were set up within the unit to check prisoners complaining of injuries from the day before. Id. However, the nurses treated all the inmates the same, simply spraying a sunburn coolant on their skin. Id. Some of the inmates, observing that the treatment was the same for all, requested the ranking officer Norman Saenz take pictures of their injuries. Id. at 9-10. Officer Saenz refused to take pictures, despite Administrative Directive 3.47, which requires pictures be taken to document alleged injuries. Id.

### III. PROCEDURAL BACKGROUND

Numerous inmates, including Plaintiffs, filed Step 1 grievances about the incident. Id. at 10. Warden Bright responded to each grievance with the following reply:

> It is standard operating procedure during a building search to empty the cells during the search utilizing the recreation yard for offenders due to being a secure area. The west side of the unit (B-Building, J4, J5, J3, J2, J1 and gym) was without water due to a water leak; J-3 Building offenders were not being singled out. The entire Region was racked up on April 6th due to an escape at the Briscoe Unit. No further action warranted.

Id. at 11. Certain inmates also filed Step 2 appeals. As to Plaintiffs Hunter and Stricklin, defendant J.M. Garcia offered the following, identical response:

> Your complaint has been noted and appropriately addressed at step one. Only issues related directly to you will be addressed in this response. There is no evidence you were deprived of water, you were released for chow where you received food and water/tea. At no time were you told you could not have water. Temperatures were in an acceptable range, 71 degrees to 79 degrees. Medical indicated redness to lower arms, face and neck. No further action warranted.

(D.E. 12-1, at 2; D.E. 13-1, at 2). Other inmates, including Plaintiffs Powers and Porter, received similar responses to their Step 2 grievances. (D.E. 1, at 12; D.E. 11-1, at 2; D.E. 15-1, at 2).

On September 26, 2011, the seven Plaintiffs filed their original complaint. (D.E. 1). On that same day, they also filed a motion for appointment of counsel, (D.E. 3), and a memorandum in support of a motion for class certification. (D.E. 2). Plaintiffs Powers, Hunter, Keough, and Critchley filed motions to proceed in forma pauperis, (D.E. 18-21), and those motions were granted. (D.E. 29-32). Notices of deficient pleading were sent to Plaintiffs Everett, Porter, and Stricklin. (D.E. 26-28). Plaintiffs Porter and Stricklin subsequently both filed motions to

3

proceed in forma pauperis, (D.E. 41, 50), which were subsequently granted. (D.E. 43, 51). The motion for appointment of counsel was then denied on November 3, 2011. (D.E. 33). On November 9, 2011, Plaintiff Powers filed an objection to the Court protesting the imposition of filing fees against each individual plaintiff. (D.E. 39).

## IV.  DISCUSSION

Rule 23 of the Federal Rules of Civil Procedure governs the maintenance of a class action. The Supreme Court recently explained the process of obtaining class certification:

> Under Rule 23(a), the party seeking certification must demonstrate, first, that:
> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interests of the class"....
> Second, the proposed class must satisfy at least one of the three requirements listed in Rule 23(b).

Wal-Mart Stores, Inc. v. Dukes, __ U.S. __, 131 S. Ct. 2541, 2548 (2011) (quoting Fed. R. Civ. P. 23(a)). Denial of class certification is warranted if any of these requirements are not satisfied. Plaintiffs have the burden of proof in establishing that all four requirements are satisfied. Berger v. Compaq Computer Corp., 257 F.3d 475, 479 n.4 (5th Cir. 2001) (citations omitted).

It is apparent from the record that Plaintiffs cannot satisfy the adequacy requirement in Rule 23(a)(4). The Fifth Circuit interprets the adequacy requirement to "require the class representatives to possess a sufficient level of knowledge and understanding to be capable of

'controlling' or 'prosecuting' the litigation." Id. at 482-83.[1] In accordance with this understanding, courts have prohibited pro se prisoner class actions from proceeding for fear that "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (citing Anderson v. Moore, 372 F.2d 747, 751 n.5 (5th Cir. 1967)). As a consequence, it would be "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Id. (citation omitted); see also Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action.") (citations omitted); Washington v. Louisiana, No. 09-3186, 2009 WL 2015556, at *1 n.1 (E.D. La. June 30, 2009) (unpublished) (prisoner-plaintiff's pro se status rendered him incapable of satisfying the Rule 23(a)(4) adequacy requirement) (citing Oxendine and Anderson).

Plaintiffs in this action sought the appointment of counsel for this class. Because the motion for appointment of counsel was denied, Plaintiffs will be unable to satisfy the Rule 23(a)(4) adequacy requirement by proceeding pro se. Accordingly, class certification is denied.[2]

---

[1] Similarly, the Sixth Circuit has found that the Rule 23(a)(4) adequacy requirement is satisfied if (1) the representative class members have common interests with the unnamed class members, and (2) these "representatives will vigorously prosecute the interests of the class through qualified counsel." In re American Med. Sys., Inc., 75 F.3d 1069, 1083 (6th Cir. 1996) (quoting Senter v. Gen. Motors Corp., 532 F.2d 511, 525 (6th Cir. 1976))

[2] Plaintiff Powers' objection to the imposition of individual filing fees on each party member lacks a legal basis. (D.E. 39). The Prison Litigation Reform Act ("PLRA") requires each prisoner plaintiff to pay the court filing fee regardless of whether prisoners join in one action or each file an individual action. See 28 U.S.C. § 1915(b)(1) ("if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee"); Boriboune v. Berge, 391 F.3d 852, 854-56 (7th Cir. 2004) (the PLRA obliges prisoners in a joint action seeking to proceed in forma pauperis to pay one filing fee per prisoner, rather than splitting one filing fee); Hubbard v. Haley, 262 F.3d 1194, 1197-98 (11th Cir. 2001) (PLRA did not permit group of prisoners proceeding in forma pauperis in § 1983 action against correction officials to join claims and thereby divide single mandatory filing fee among them, regardless of prisoners' contention that federal joinder rule governed and that their claims arose out of the same transaction or occurrence and involved common questions of law). Accordingly,

## V. CONCLUSION

Plaintiffs have failed to demonstrate that the prerequisites for maintaining a class action have been met. Therefore, Plaintiffs' motion for class certification is DENIED.

ORDERED this 8th day of December 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

Plaintiffs must each pay the full amount of the filing fee.