IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MICHAEL K. POWERS, ET AL., | § | |
| | § | |
| v. | § | C.A. NO. V-11-051 |
| | § | |
| DIANA K. CLAY, ET AL. | § | |

## OPINION DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

In this prisoner civil rights action, plaintiffs allege, *inter alia*, that defendants violated their Eighth Amendment right to be free from cruel and unusual punishment when they forced plaintiffs to remain outside in the sun for over five hours, without adequate sun protection, water, or restroom facilities. (D.E. 1). Pending is plaintiffs' motion for a preliminary injunction. (D.E. 5). Specifically, they seek a court order requiring defendants to institute certain notice procedures before ordering inmates outside, and that defendants be required to provide or allow protective clothing, sunscreen, and water to inmates when they are forced to stay outside for any considerable length of time. Id. at 2. In addition, plaintiffs request that defendants be enjoined from transferring any plaintiff off the Stevenson Unit without prior Court order. Id. at 3. For the reasons stated herein, plaintiffs' motion for a preliminary injunction is denied.

### I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of plaintiffs, (D.E. 23, 24), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 25); see also 28 U.S.C. § 636(c).

## II.  PROCEDURAL BACKGROUND

Plaintiffs are inmates in the Texas Department of Criminal Justice, Correctional Institutions Division, and at the time of the events forming the basis of this lawsuit, they were confined at the Stevenson Unit in Cuero, Texas.  On September 26, 2011, they filed this lawsuit alleging that, on April 6, 2010, defendants were deliberately indifferent to their health and safety when they forced the plaintiffs to sit in the sun for over five hours, without adequate water or restroom facilities, and later, denied them medical attention for the injuries they sustained that day.  (D.E. 1).  Moreover, they claim that defendants retaliated against them for vocalizing their complaints about the treatment that day.  Id.

Each of the six plaintiffs[1] had a separate, individual Spears[2] hearing.  On January 17, 2012, plaintiffs' Eighth Amendment claims against Warden Clay and Major Castro as well as their deliberate indifference claims against Captain Saenz were retained and service ordered on these three defendants.  (D.E. 68).  Their remaining claims against the remaining defendants were dismissed.  Id.

In the motion for a preliminary injunction, plaintiffs request that defendants be ordered to provide protective clothing to plaintiffs in the form of two long-sleeve T-shirts, a hat with a 3.5-inch brim, and polarized sunglasses.  (D.E. 5, at 2).  They also request that sunscreen with an SPF of at least 30 be issued monthly.  Alternatively, plaintiffs want to be allowed to receive and retain these items from their family or friends.  Id.  They further seek an order that, if they are

---

[1] A seventh plaintiff, John Jason Everett, failed to respond to a notice of deficient pleading, failed to seek leave to proceed in forma pauperis, failed to provide a current address, and failed to respond to a show cause order. Therefore, on December 20, 2011, his claims were dismissed without prejudice for failure to prosecute.  (D.E. 59).

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

required to evacuate the dorms and to remain outside, that defendants must provide them with one hour's notice prior to leaving the dorms so that they can "access ... their protective items." Id.  Once outside, plaintiffs request access to shade or a sheltered area "without loss of privilege;" unlimited access to drinking water; and access to a working restroom.  Id. at 3. Finally, plaintiffs request that defendants be enjoined from transferring any plaintiff off the Stevenson Unit without prior authorization from this Court.  Id.

### III.  DISCUSSION

To obtain injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure, the applicant must demonstrate: "(1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to the defendant, and (4) that granting the preliminary injunction will not disserve the public interest."  Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara; 335 F.3d 357, 363 (5th Cir. 2003) (citation omitted); accord Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam) (citation omitted) (addressing a Rule 65(a) motion for a preliminary injunction); Libertarian Party of Tex. v. Fainter, 741 F.2d 728, 729 (5th Cir 1984) (per curiam) (citation omitted).  Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally establish the need for its issuance.  Valley v. Rapids Parish Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997) (citation omitted).  Failure to establish any of the four elements will result in the motion for injunctive relief being denied. Guy Carpenter & Co. v. Provenzale, 334 F.3d 459, 464 (5th Cir. 2003) (citation omitted).

The Fifth Circuit has explained that "[w]hile the Constitution does not require that custodial inmates be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded 'humane conditions of confinement' and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care." Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). In the January 17, 2012 Order, (D.E. 68), it was found that, for purposes of § 1915A, plaintiffs had alleged sufficient facts against Warden Clay, Major Castro, and Captain Saenz that, if true, state cognizable Eighth Amendment claims. However, there was no allegation or suggestion that prisoners are *routinely* rounded-up and forced to sit outside for hours in the sun, without adequate water and restroom facilities. Indeed, the fact that the incident occurred when shade, water and restroom facilities were readily available was one of the factors the Court considered in considering the subjective knowledge of the defendants. Thus, plaintiffs have successfully alleged an episodic Eighth Amendment violation, but their attempt to establish an ongoing constitutional violation is not supported by the facts. Consequently, they are unable to establish a likelihood of success on the merits on the facts presented in their motion for injunctive relief.

As to the second factor, plaintiffs' allegations do not give any indication of "actual injury." See Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (citing Lewis v. Casey, 518 U.S. 343, 351-54 (1996)). In order to justify an injunction, "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985) (citation omitted). Although plaintiffs alleged injuries following the April 6, 2010 sun exposure, there are no facts to suggest that

unprotected sun-exposure is an ongoing threat at the Stevenson Unit, and their mere concern that such exposure might happen in the future is unfounded and cannot support injunctive relief.

     Regarding the third injunction factor, because there is no irreparable injury to plaintiffs, it would be unreasonable to order defendants to implement new procedures or to provide protective clothing and gear to plaintiffs.  Indeed, such an order would be an unreasonable interference with the administration and management of the prison.  See Kahey v. Jones, 836 F.F.2d 948, 950 (5th Cir. 1988) (federal courts defer to prison administrators concerning day-to-day prison operations).  Moreover, interference with prison operations in such circumstances would not be in the public's interest as it would be a waste of judicial resources micro-managing prison affairs.  See Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (federal courts "are not to micromanage state prisons") (citing Bell v. Wolfish, 441 U.S. 520, 562 (1979)); see also Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order.").  Similarly, enjoining defendants from transferring a plaintiff without prior court order would amount to an impermissible and unnecessary interference with prison operations.  See Jones v. United States, 534 F.2d 53, 54 (5th Cir. 1976) (prison officials have broad discretion, free from judicial interference, in determining prisoner assignments).  Any injunction directed at state prison authorities presumably causes some level of inconvenience for public officials and requires the expenditure of some amount of taxpayer funds, thus resulting in damage to defendants and the public interest.  See 18 U.S.C. § 3626(a)(2) (when considering a preliminary injunction, a "court shall give substantial weight to any adverse

5

impact on public safety or the operation of a criminal justice system caused by the preliminary relief").

Plaintiffs' motion for a preliminary injunction fails to establish that this extraordinary remedy is warranted at this time. They fail to sustain their burden to establish the necessity of a preliminary injunction. Moreover, plaintiffs have sought injunctive relief in their original complaint and, should they ultimately prevail on their Eighth Amendment claims, they can seek injunctive relief at that time.

### IV. CONCLUSION

For these reasons, plaintiffs' motion for a preliminary injunction (D.E. 5), is denied without prejudice.

ORDERED this 20th day of January 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE