IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MICHAEL K. POWERS, ET AL. | § | |
| | § | |
| v. | § | C.A. NO. V-11-051 |
| | § | |
| DIANA K. CLAY, ET AL. | § | |

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR A STAY

This civil rights action was filed by six state prisoners pursuant to 42 U.S.C. § 1983.

They previously sought certification of a class action regarding their claims, which was denied.

See generally Powers v. Clay, No. V-11-051, 2011 WL 6130929 (S.D. Tex. Dec. 8, 2011)

(unpublished).  Pending is a motion for stay during interlocutory appeal by Plaintiffs Michael K.

Powers, Richard Stricklin II, Phillip Critchley, and Ronald J. Keough.  (D.E. 77).  For the

reasons stated herein, Plaintiffs' motion for a stay is denied.

## I.  FACTUAL BACKGROUND

On April 6, 2010 at 9:00 a.m., correctional officers entered the J3 building at the

Stevenson Unit and ordered the prisoners to exit out of the building.  (D.E. 1, at 4).  They were

told to take nothing with them except "shirt, pants, shoes and i.d.'s."  Id.  Plaintiffs recounted

that it was apparent to "veteran offenders" that a drug search was being conducted on G, H, and I

dorms using drug-sniffing dogs.  Id.  In the D-space, officers were searching the exiting inmates

and confiscating any materials except the allowed clothing.  Id. at 4-5.  Around 150 to 200

prisoners were then forced to sit outside on a concrete slab for hours with inadequate

medications, water, toilet, or protection from the sun.  Id. at 5-10.  During the inspection, Officer

Kenneth Wilson was deployed with a gas gun to intimidate prisoners into compliance.  Id. at 8.

After the inmates were returned to their cells, many requested to go to the infirmary for

their sunburns.  Id. at 9.  The guards took their names down, but they were not taken to the

infirmary until the following morning.  Id.  In addition, the inmates of J3 were confined to their

cells and placed on lock-down because some of the inmates had "cat-called" at the officers when

they were all outside.  These inmates did not get to take showers or have recreation.  Id. at 10.

When grievances were filed about the retaliation, Warden Bright allegedly lied and said that the

entire region was on lock-down that day due to an escape at the Briscoe Unit.  Id.

The following morning, several nursing stations were set up within the unit to check

prisoners complaining of injuries from the day before.  Id.  However, the nurses treated all the

inmates the same, simply spraying a sunburn coolant on their skin.  Id.  Some of the inmates,

observing that the treatment was the same for all, requested the ranking officer Norman Saenz

take pictures of their injuries.  Id. at 9-10.  Officer Saenz refused to take pictures, despite

Administrative Directive 3.47, which requires pictures be taken to document alleged injuries.  Id.

## II.  PROCEDURAL BACKGROUND

Numerous inmates, including Plaintiffs, filed Step 1 grievances about the incident.  Id. at

10.  Warden Bright responded to each grievance with the following reply:

> It is standard operating procedure during a building search to
> empty the cells during the search utilizing the recreation yard for
> offenders due to being a secure area.  The west side of the unit (B-
> Building, J4, J5, J3, J2, J1 and gym) was without water due to a
> water leak; J-3 Building offenders were not being singled out.  The
> entire Region was racked up on April 6th due to an escape at the
> Briscoe Unit.  No further action warranted.

Id. at 11.  Certain inmates also filed Step 2 appeals.  As to Plaintiffs Hunter and Stricklin,

defendant J.M. Garcia offered the following, identical response:

> Your complaint has been noted and appropriately addressed at step
> one.  Only issues related directly to you will be addressed in this

2

> response.  There is no evidence you were deprived of water, you
> were released for chow where you received food and water/tea.  At
> no time were you told you could not have water.  Temperatures
> were in an acceptable range, 71 degrees to 79 degrees.  Medical
> indicated redness to lower arms, face and neck.  No further action
> warranted.

(D.E. 12-1, at 2; D.E. 13-1, at 2).  Other inmates, including Plaintiffs Powers and Porter,

received similar responses to their Step 2 grievances.  (D.E. 1, at 12; D.E. 11-1, at 2; D.E. 15-1,

at 2).

On September 26, 2011, the Plaintiffs filed their original complaint.  (D.E. 1).  On that

same day, they also filed a motion for appointment of counsel, (D.E. 3), and a memorandum in

support of a motion for class certification.  (D.E. 2).  Plaintiffs Powers, Hunter, Keough, and

Critchley filed motions to proceed in forma pauperis, (D.E. 18-21), and those motions were

granted.  (D.E. 29-32).  Notices of deficient pleadings were sent to Plaintiffs Everett, Porter, and

Stricklin.  (D.E. 26-28).  Plaintiffs Porter and Stricklin subsequently both filed motions to

proceed in forma pauperis, (D.E. 41, 50), which were subsequently granted.  (D.E. 43, 51).  The

motion for appointment of counsel was then denied on November 3, 2011.  (D.E. 33).  On

November 9, 2011, Plaintiff Powers filed an objection to the Court protesting the imposition of

filing fees against each individual Plaintiff.  (D.E. 39).

On December 8, 2011, Plaintiffs' request for class certification was denied.  See Powers,

2011 WL 6130929 at *2-3.  Moreover, their challenge to having each pay the filing fee was also

denied.  Id. at 3 n.2.  On December 28, 2011, Plaintiff Powers filed a notice of appeal regarding

the denial of class certification.  (D.E. 61).  On February 1, 2012, plaintiffs filed the pending

motion seeking a stay.  (D.E. 77).

3

## III.  DISCUSSION

**A.      Rule 23 Governs The Certification Of Class Actions And Interlocutory Appeals.**

Rule 23 of the Federal Rules of Civil Procedure governs the maintenance of a class

action.  The Supreme Court has explained the process of obtaining class certification:

> Under Rule 23(a), the party seeking certification must
> demonstrate, first, that:
> > (1) the class is so numerous that joinder of all members is
> > impracticable,
> > (2) there are questions of law or fact common to the class,
> > (3) the claims or defenses of the representative parties are
> > typical of the claims or defenses of the class, and
> > (4) the representative parties will fairly and adequately
> > protect the interests of the class....
>
> Second, the proposed class must satisfy at least one of the three
> requirements listed in Rule 23(b).

Wal-Mart Stores, Inc. v. Dukes, __ U.S. __, 131 S. Ct. 2541, 2548 (2011) (quoting Fed. R. Civ.

P. 23(a)).  Denial of class certification is warranted if any of these requirements are not satisfied.

Plaintiffs have the burden of proof in establishing that all four requirements are satisfied.  Berger

v. Compaq Computer Corp., 257 F.3d 475, 479 n.4 (5th Cir. 2001) (citations omitted).

The Federal Rules of Civil Procedure allow interlocutory appeals concerning class action

certification orders:

> A court of appeals may permit an appeal from an order granting or
> denying class-action certification under this rule if a petition for
> permission to appeal is filed with the circuit clerk within 14 days
> after the order is entered.  An appeal does not stay proceedings in
> the district court unless the district judge or the court of appeals so
> orders.

Fed. R. Civ. P. 23(f); see also Harper v. American Airlines, Inc., 371 F. App'x 511, 512 (5th Cir.

2010) (per curiam) (unpublished) (fourteen-day deadline for filing notice of appeal was "strict

and mandatory") (citations omitted).  The order denying the motion for class certification was

issued on December 8, 2011.  See generally Powers, 2011 WL 6130929.

**B.    The Notice Of Appeal Was Untimely.**

The notice of appeal was filed with the Court on December 28, 2011.  (D.E. 61).

However, the notice itself is dated December 22, 2011, id. at 1, with a postmark on the envelope

of December 27, 2011.  Id. at 2.  A prisoner's pro se notice of appeal is timely filed if deposited

in the prison's internal mail system on or before the last day of filing:

> If an inmate confined in an institution files a notice of appeal in
> either a civil or a criminal case, the notice is timely if it is
> deposited in the institution's internal mail system on or before the
> last day for filing.  If an institution has a system designed for legal
> mail, the inmate must use that system to receive the benefit of this
> rule.  Timely filing may be shown by a declaration in compliance
> with 28 U.S.C. § 1746 or by a notarized statement, either of which
> must set forth the date of deposit and state that first-class postage
> has been prepaid.

Fed. R. App. P. 4(c)(1); see also Houston v. Lack, 487 U.S. 266, 276 (1988) ("jurisdiction over

petitioner's appeal because the notice of appeal was filed at the time petitioner delivered it to the

prison authorities").  Although the December 22, 2011 date would be timely, the notice does not

contain any declaration or notarized statement indicating that the notice was deposited in first

class mail on that date.  Because plaintiff failed to comply with this requirement of Rule 4(c)(1),

the notice of appeal is untimely.  United States v. Hurtado-Hilario, 67 F. App'x 248, 2003 WL

31145755, at *1 (5th Cir. May 1, 2003) (per curiam) (unpublished) ("Because Hurtado failed to

comply with the filing requirements for inmates, this Court cannot consider his notice of appeal

to be timely."); see also United States v. Craig, 368 F.3d 738, 740-41 (7th Cir. 2004) (failure to

comply with all of requirements in Rule 4(c)(1) prevents an inmate from utilizing the mailbox

rule); United States v. Smith, 182 F.3d 733, 734 n.1 (10th Cir. 1999) (mailbox rule did not apply

5

where inmate's "declaration of a timely filing did not, as required, 'state that first-class postage

has been prepaid'") (citing Rule 4(c)(1)).

**C.      Plaintiffs Have Failed To Establish That A Stay Is Warranted.**

A trial court should apply a four-factor test to determine whether a discretionary stay

should be granted:

> (1) whether the stay applicant has made a strong showing that he is
> likely to succeed on the merits; (2) whether the applicant will be
> irreparably injured absent a stay; (3) whether issuance of the stay
> will substantially injure the other parties interested in the
> proceedings; and (4) where public interest lies.

Weingarten Realty Investors v. Miller, 661 F.3d 904, 910 (5th Cir. 2011) (quoting Hilton v.

Braunskill, 481 U.S. 770, 776 (1987)); accord In re First S. Sav. Ass'n, 820 F.2d 700, 704 (5th

Cir. 1987) (citation omitted).  Plaintiffs have the burden of establishing that a stay is warranted.

State of Tex. v. U.S. Forest Serv., 805 F.2d 524, 525 (5th Cir. 1986) (per curiam) (citation

omitted); Ruiz v. Estelle, 666 F.2d 854, 856 (5th Cir. 1982) (citations omitted).  To meet this

burden, Plaintiffs must satisfy each of the four factors.  See Arnold v. Garlock, Inc., 278 F.3d

426, 438-39 (5th Cir. 2001).

**1.      Plaintiffs failed to demonstrate a likelihood of succeeding on the merits.**

First, Plaintiffs cannot demonstrate a substantial likelihood that they will prevail in

obtaining a reversal of the order denying class certification.  As previously noted, Plaintiff

Powers' notice of appeal was not timely filed because it lacked the declaration or notorized

statement regarding the date it was placed in the mail with postage prepaid.  An untimely notice

of appeal is problematic for Plaintiffs because the Fifth Circuit may not even address the merits

of the appeal.

6

The Fifth Circuit has explained that "[t]he district court has wide discretion in deciding whether or not to certify a proposed class." Jenkins v. Raymark Indus., Inc., 782 F.2d 468, 471-72 (5th Cir. 1986) (citation omitted). Thus, as long as the district court considers the Rule 23 criteria, the Fifth Circuit will reverse only for abuse of discretion. Id. Plaintiffs have failed to demonstrate that the denial was an abuse of discretion.

Moreover, in denying the motion for class certification, it was determined that Plaintiffs could not satisfy the adequacy requirement in Rule 23(a)(4). See Powers v. Clay, 2011 WL 6130929 at *3. The Fifth Circuit interprets the adequacy requirement to "require the class representatives to possess a sufficient level of knowledge and understanding to be capable of 'controlling' or 'prosecuting' the litigation." Id. at 482-83.[1] In accordance with this understanding, courts have prohibited pro se prisoner class actions from proceeding for fear that "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (citing Anderson v. Moore, 372 F.2d 747, 751 n.5 (5th Cir. 1967)). As a consequence, it would be "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Id. (citation omitted); see also Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action.") (citations omitted); Washington v. Louisiana, No. 09-3186, 2009 WL 2015556, at *1 n.1 (E.D. La. June 30, 2009)

---

[1] Similarly, the Sixth Circuit has found that the Rule 23(a)(4) adequacy requirement is satisfied if (1) the representative class members have common interests with the unnamed class members, and (2) these "representatives will vigorously prosecute the interests of the class through qualified counsel." In re American Med. Sys., Inc., 75 F.3d 1069, 1083 (6th Cir. 1996) (quoting Senter v. Gen. Motors Corp., 532 F.2d 511, 525 (6th Cir. 1976))

(unpublished) (prisoner-plaintiff's <u>pro se</u> status rendered him incapable of satisfying the Rule 23(a)(4) adequacy requirement) (citing <u>Oxendine</u> and <u>Anderson</u>). Because Plaintiffs are unable to satisfy the Rule 23(a)(4) adequacy requirement by proceeding <u>pro se</u>, it is unlikely that they will prevail on the merits.

Additionally, if a class action were granted, any new members would be required to have exhausted their administrative remedies in order to proceed:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002); <u>Clifford v. Gibbs</u>, 298 F.3d 328, 330 (5th Cir. 2002); <u>accord</u> <u>Irby v. Nueces County Sheriff</u>, 790 F. Supp. 2d 552, 557 (S.D. Tex. 2011) (citations omitted). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. <u>Booth v. Churner</u>, 532 U.S. 731, 734 (2001); <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001); <u>accord</u> <u>Irby</u>, 790 F. Supp. 2d at 557 (citations omitted). The Supreme Court has clarified that a prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. <u>Woodford v. Ngo</u>, 548 U.S. 81, 93 (2006); <u>accord</u> <u>Irby</u>, 790 F. Supp. 2d at 557 (citing <u>Woodford</u>). Presumably, inmates who have exhausted their administrative remedies through the grievance process would have filed an action asserting these claims. Indeed, one inmate has filed such an action. <u>See</u> <u>Monroe v. Thaler</u>, V-10-070, 2011 WL 3793709 (S.D. Tex. Aug. 25, 2011) (unpublished). The problems with the issue of exhaustion of administrative

remedies dovetails with the concerns about pro se plaintiffs representing a class of civil rights litigants.  Based on these issues courts have not permitted such actions to be certified as class actions.

Plaintiffs argue that because some of their claims were retained, they have "demonstrated that a 'substantial case' on the merits exists."  (D.E. 77, at 2); see also Powers v. Clay, No. V-11-051, 2012 WL 130405 (S.D. Tex. Jan. 17, 2012).  They overstate the significance of retaining those claims and defendants.  The screening mandated by Congress in 28 U.S.C. § 1915A winnows out frivolous claims.  The fact that some claims are retained does not mean that they are deemed meritorious, but that they have simply satisfied the low threshold to proceed so that service can be ordered on the defendants.  See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  Moreover, the fact that some claims have been retained does not establish that Plaintiffs will likely succeed on the merits.

### 2.    Plaintiffs failed to demonstrate any irreparable injury.

Second, Plaintiffs have not demonstrated any irreparable injury that they will suffer if the stay is not granted.  It does not adversely impact the litigation of their claims.

Instead, Plaintiffs argue that "[c]lass certification could dramatically alter the eventual resolution of this suit since it has direct implications on the Movants' representation by counsel." (D.E. 77, at 3).  In other words, they posit that they would get appointed counsel if a class were certified.  This approach puts the cart before the horse.  Plaintiffs were not appointed counsel and have not been able to persuade any attorneys to represent them pro bono.  They should not then be allowed to argue that the denial of class certification is important to obtaining a reversal of the denial of appointed counsel.

9

Next, Plaintiffs claim that "[t]he other issue, having to do with fees, could verly determine whether or not certain plaintiffs are retained in the case.  Plaintiff John Jason Everett was dismissed for failure to prosecute."  (D.E. 77, at 3).  However, the Fifth Circuit has explained that on appeal pursuant to Rule 23(f), the only issue that the court will address is the class certification.  Mims v. Stewart Title Guar. Co., 590 F.3d 298, 302-03 (5th Cir. 2009) (citation omitted); Bell v. Ascendant Solutions, Inc., 422 F.3d 307, 314 (5th Cir. 2007) (citation omitted).  Thus, the issue concerning the requirement for each Plaintiff to pay the filing fee is not appealable at this time and has no bearing on whether Plaintiffs will be irreparably injured.

    **3.**    **There is no evidence that defendants would necessarily be harmed or unharmed by a stay.**

Third, Plaintiffs argue that a stay would not harm Defendants who have been retained and served with the complaint.  (D.E. 77, at 4-5).  Defendants have not yet filed an answer so it is unclear what is any argument they would make regarding the harming of their interests.  There is the old maxim "Justice delay is justice denied" that may apply in an action in which defendants would want to defend themselves from accusations of violating plaintiffs' civil rights.  See Coghlan v. Starkey, 852 F.2d 806, 815 (5th Cir. 1988) (per curiam).

    **4.**    **Plaintiffs failed to demonstrate a stay is in the public interest.**

Fourth, Plaintiffs assert that the public interest would be served in granting the stay. (D.E. 77, at 5).  However, the Fifth Circuit has determined where the stay applicant has failed to establish "a likelihood of success on the merits, ... three is little reason to invoke the general public policy...."  Weingarten Realty, 661 F.3d at 913.  Here, they have failed to demonstrate any specific factors that would demonstrate that a stay was in the public interest.

## IV.  <u>CONCLUSION</u>

Plaintiffs have failed to demonstrate that a stay is warranted pending their interlocutory appeal of the denial of their motion for class certification.  Therefore, the motion for stay during interlocutory appeal by Plaintiffs Michael K. Powers, Richard Stricklin II, Phillip Critchley, and Ronald J. Keough, (D.E. 77), is DENIED.

ORDERED this 27th day of February 2012.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

11