IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MICHAEL K. POWERS, ET AL., | § | |
| | § | |
| v. | § | C.A. NO. V-11-051 |
| | § | |
| DIANA K. CLAY, ET AL. | § | |

**OPINION DENYING IN PART AND GRANTING IN
PART PLAINTIFF MICHAEL POWERS' MOTION TO RECONSIDER**

This case is a civil rights action filed pro se pursuant to 42 U.S.C. § 1983 by several state prisoners based on allegations of mistreatment by defendants while they were incarcerated at the Stevenson Unit in Cuero, Texas. Pending is a motion to reconsider a motion to compel filed by plaintiff Michael Powers. (D.E. 135).

In the original motion to compel, plaintiff Powers complained about the responses themselves from defendants because they indicated a lack of knowledge in response to many questions. (D.E. 123, at 2, 4). He takes issue with their assertion that the requests are irrelevant. Id. at 10. He disputes defendants claim that the requests are burdensome and overly broad. Id. at 13-14.

The original motion to compel was denied in part because plaintiff failed to attach to that motion, any of the objections defendants provided regarding plaintiff's discovery requests. (D.E. 132, at 1). In the pending motion, he has attached such discovery requests. The pending motion does not reiterate the issues for which the motion to compel should be granted, but the original motion attacked defendant Diana Clay's response to plaintiff's request for admissions because she asserted a lack of knowledge to 51 questions. (D.E. 123, at 2).

The Federal Rules of Civil Procedure allow that a lack of knowledge may be an appropriate response: "The answering party may assert lack of knowledge or information as a

reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). Various responses to requests for admissions of the defendants simply answer "No knowledge" or "Don't know." Such responses are inadequate pursuant to the Federal Rules in particular because there is no explanation as to what inquiry was made. Accordingly, defendants are ordered to redo their admissions regarding any responses indicating a lack of knowledge so that they comply with Rule 36(a)(4).

Next, plaintiff complains that defendants responded to interrogatory requests with the response that such information was irrelevant. The Federal Rules of Civil Procedure provide the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

In Interrogatory Request Number 8, plaintiff asks "How many men were treated for sunburn by the Stevenson Unit's infirmary on April 6th and April 7th, 2010? (Be specific for day.)" (D.E. 135-1, at 2). In response, "Defendants object to this interrogatory as it seeks information that is irrelevant to this case, and not reasonably calculated to lead to admissible evidence." Id. at 2-3. Such information arguably seems to be relevant. Accordingly, defendants are ordered to respond to this interrogatory request.

In Interrogatory Request Number 12, plaintiff asks "What is the current status or result of any pending litigation or adjudicated litigation resulting from the events occurring on April 6, 2010?" Id. at 3. In response, "Defendants object to this interrogatory as it seeks information that is irrelevant to this case, and not reasonably calculated to lead to admissible evidence." Id. Such information arguably seems to be relevant. Accordingly, defendants are ordered to respond to this interrogatory request.

In Interrogatory Request Number 14, plaintiff asks "How many Step-I. grievances were filed pertaining to the issues presented in this lawsuit in the 14 days following the incident (April 6-19, 2010)?" Id. at 4. In response, "Defendants object to this interrogatory as it seeks information that is irrelevant to this case, and not reasonably calculated to lead to admissible evidence." Id. Such information arguably seems to be relevant.[1] Accordingly, defendants are ordered to respond to this interrogatory request.

In Interrogatory Request Number 17, plaintiff asks "In light of these responsibilities, why was no report made of these circumstances of the events occurring on April 6, 2010?" Id. In response, "Defendants object to this interrogatory as it seeks information that is irrelevant to this case, and not reasonably calculated to lead to admissible evidence." Id. Such information arguably seems to be relevant. Accordingly, defendants are ordered to respond to this interrogatory request.

In Interrogatory Request Number 18, plaintiff asks "What is the policy or procedure an officer must follow if he/she receives an order or an assignment he/she regards as an unlawful order or believes might cause harm to an inmate or another person?" Id. at 5. In response,

---

[1] Defendants also claim that this question is overly broad and unduly burdensome. This argument is not persuasive.

"Defendants object to this interrogatory as it seeks information that is irrelevant to this case, and not reasonably calculated to lead to admissible evidence." Id. Here, the question is vague, but does not appear to be relevant to the issues before the Court. Accordingly, plaintiff's motion to compel regarding this question is denied.

In Interrogatory Request Number 22, plaintiff asks "Is there a procedure or mechanism for information accrediting agencies such as the American Correctional Association in the event that a significant number of prisoners are injured by a policy or procedure of prison officials?" Id. at 5. In response, "Defendants object to this interrogatory as it seeks information that is irrelevant to this case, and not reasonably calculated to lead to admissible evidence." Id. Here, the question is vague, but does not appear to be relevant to the issues before the Court. Accordingly, plaintiff's motion to compel regarding this question is denied.

In Interrogatory Request Number 24, plaintiff asks "Is there a procedure or mechanism for informing governmental agencies, regulatory or policing agencies, or non-governmental organizations in the event that a significant number of prisoners are injured by a policy or procedure of prison officials?" Id. at 5. In response, "Defendants object to this interrogatory as it seeks information that is irrelevant to this case, and not reasonably calculated to lead to admissible evidence." Id. Here, the question does not appear to be relevant to the issues before the Court. Accordingly, plaintiff's motion to compel regarding this question is denied.

Finally, plaintiff complains that defendants declined to respond to interrogatory requests on the grounds that they were overly broad. In Interrogatory Request Number 13, plaintiff asks "What are the names of the inmates who were housed in J-3 on April 6, 2010?" Id. at 5. In response, "Defendants object to this interrogatory as overly broad and unduly burdensome. Records of housing assignments are maintained in the institutional records of individual inmates.

In order to adequately respond Defendants would be required to search through the records of all TDCJ inmates circa 2010 (over 150,000) and piece together who was housed in a particular building on a particular date." Id. This response is ridiculous. If there were a prison break, officials would not be culling through 150,000 individual inmate records to determine who was in the section from which inmates fled. Individuals have to maintain a record of who is present at the facility. For example, correctional officers would have known who was in J-3 during the shake-down on April 6, 2010. Accordingly, defendants are ordered to respond to this interrogatory request.

Accordingly, the motion to reconsider a motion to compel filed by plaintiff Michael Powers, (D.E. 135), is denied in part and granted in part consistent with this Order. Defendants are ordered to file their supplemental responses no later than fourteen days from the date of this Order.

ORDERED this 12th day of September 2012.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE